UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                                  S1 09 Crim. 1243 (LAK)

DANIEL MARINO, et al.,

                Defendants.
------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       Defendant Modica moves to dismiss the indictment for alleged outrageous government conduct. Defendant Porcelli, who subsequently pleaded guilty, attempted to join in that motion based upon quite different allegations set out for the first time in defendants' reply memorandum in support of the omnibus motion.[1]

### I

       Porcelli's application may be put to one side. It has been mooted by her guilty plea. Even if it had not been, it is unsupported by any affidavit or other evidence. The alleged misconduct is said to have occurred in November 2008, long before the date for the filing of motions in this matter. And the issue is first raised in a reply brief, thus running afoul of the principle that courts typically will not consider arguments initially made in reply briefs.

### II

       Modica argues that the indictment should be dismissed because "the government knowingly used a serial child sex abuser as a cooperating witness and aided and abetted his promotion of prostitution by a minor."[2] He contends that a cooperating witness, Jude Buoneto, raped a 13-year old girl ("Doe 1") in 1996, that he sexually abused an eighth grader ("Doe 2") in 1997, and that he

---

[1] Omnibus Reply Mem. [DI 144] at 9-12.

[2] McMahon Decl. [DI 129] ¶ 3.

pleaded guilty to the sexual assault on Doe 2 in "1988."[3] He asserts also that Buoneto signed a cooperation agreement with the government in October 2008 and that he aided and abetted the running of an interstate sex trafficking ring from the summer of 2008 through August 2009.[4] Significantly, these allegations were supported only by the declaration of Modica's attorney, who does not claim to have personal knowledge of any of the facts and who submitted no documentary or other evidence with the motion.

In light of the utter lack of evidence to support any of Modica's claims, the government submitted no affidavits, declarations or other evidence in opposition to the motion. Its memorandum, however, flatly denies many of the allegations made by Modica's attorney. Although it acknowledged that Buoneto pleaded guilty in 1998 – ten years before the start of his cooperation in this case – to a misdemeanor charge of sexual abuse in the third degree, it contended that Doe 2 later stated on tape that she had fabricated the charges against Buoneto to retaliate against him for beating up her brother.[5] It went on to say that the interstate sex trafficking operation at issue in this indictment had its inception in June 2009[6] and that when Buoneto discovered that it involved an underage girl, the FBI promptly ended the operation.[7] The government also took Modica and his counsel to task for their failure to submit any evidence in support of their allegation of outrageous government misconduct.

Thus prompted, Modica submitted an affidavit of an investigator and another declaration of his counsel. The investigator stated that he recently had interviewed Doe 2, who confirmed that Buoneta sexually assaulted her and that she did not have a brother.[8] The attorney's declaration contained a transcript of Buoneto's plea allocution to the sexual abuse charge relating to Doe 2 as well as other evidence supporting the contention that Buoneto in fact sexually abused Doe 2 in 1997.

III

We begin with the well known and long established proposition that it is the obligation of a movant to come forward with competent evidence which, if believed, would establish the facts

---

[3] Id. ¶¶ 5-12.

[4] Id. ¶¶ 15-17.

[5] Gov't Mem. [DI 137] 28-30.

[6] The indictment alleged 2008. The government subsequently advised the Court that this had been an error and that the correct date was 2009.

[7] Id. 30.

[8] McMahon Reply Decl. [DI 146] Ex. B (Mladinich aff.) ¶¶ 5-8.

upon which the motion rests.[9] Absent such evidence, a motion that rests on factual allegations outside the indictment should be denied without a hearing.[10] The pertinent factual record on this motion therefore consists of those factual allegations supported by competent evidence in Modica's reply papers and the admissions by the government in its memorandum of law. Taking these in the light most favorable to Modica, they establish only that:

- Buoneto sexually assaulted Doe 2 in 1997 and pleaded guilty to that offense.

- Buoneto began cooperating with the government in or about October 2008. "Consistent with standard procedure, the FBI authorized Buoneto to participate in certain crimes for investigative purposes."[11]

- The indictment alleges that certain of the defendants became involved in sex trafficking involving a minor in 2008 (or 2009, depending upon the effect of the government's contention that the use of "2008" rather than "2009" in the indictment was a mistake).[12]

- The FBI authorized Buoneto to participate in the sex trafficking operation for investigative purposes.[13] It claims that this occurred in 2009.

Modica puts together the indictment's allegation that the sex trafficking *involving a minor* began in 2008 with the government's admissions that (a) Buoneto's cooperation began in 2008 and (b) he was authorized to participate in the sex trafficking operation to argue that the record permits an inference that the government authorized Buoneto to participate in sex trafficking *involving a minor*. The government denies this, saying (albeit without submitting any affidavit or other evidence) that the use of "2008" in the indictment was a mistake, that it first authorized Buoneto to participate in the sex

---

[9] *E.g., United State v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); *United States v. Stone*, 510 F. Supp. 2d 338, 342 n.22 (S.D.N.Y. 2007); *United States v. Stein*, No. S1 05 Crim. 0888 (LAK), 2006 WL 3164781, at *1 & n.3 (S.D.N.Y. Oct. 31, 2006); *United States v. Stein*, 440 F. Supp. 2d 315, 327 (S.D.N.Y. 2006); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998); *United States v. Richardson*, 837 F. Supp. 570, 572 (S.D.N.Y. 1993); *United States v. Gregory*, 611 F. Supp. 1033, 1044 (S.D.N.Y. 1985) (Weinfeld, J.).

[10] *E.g., Gillette*, 383 F.2d at 848 ("The affidavit submitted for appellant is insufficient in that it does not, for example, allege personal knowledge on the part of appellant's attorney; accordingly, there was no factual issue to be resolved and the denial of a hearing was correct.")

[11] Govt. Mem. [DI 137] 30.

[12] *See* Ind. [DI 9] ¶¶ 55, 57.

[13] Govt. Mem. [DI 137] 30.

4

trafficking operation in 2009, and that it soon thereafter stopped the operation as soon as it learned that a minor was involved. Nevertheless, Modica contends that he is entitled at least to a hearing to find out whether the FBI went along with Buoneto's participation once it learned that a minor was involved. In the last analysis, however, the Court need not decide even whether there is a genuine issue of fact, as the alleged factual controversy between Modica and the government is immaterial.

IV

To begin with, the fact that Buoneto sexually abused Doe 2 ten years before he began cooperating with the FBI is of no moment whatsoever. The FBI's use of convicted criminals as confidential informants or cooperators, while perhaps distasteful, is necessary and appropriate. There is no special rule applicable to the use of sex offenders.

The claim with respect to events of 2008 and 2009 ultimately gets Modica nowhere. Outrageous government misconduct may warrant dismissal of a criminal case, but only "where (1) the government violates a protected right of the defendant and (2) the government's conduct is sufficiently outrageous."[14] Even assuming for the sake of argument that there were sufficient evidence to warrant a hearing as to whether the FBI authorized Buoneto to participate in the sex trafficking operation, knowing or recklessly disregarding that it involved a minor (and it is doubtful that the evidence would permit such a conclusion), Modica nevertheless has pointed to no protected right of his that thereby would have been violated. Moreover, while allowing Buoneto to participate in the operation, knowing or recklessly disregarding that it involved a minor, would have been regrettable, assuming that it occurred, it would not have risen to the level necessary to justify dismissal of the indictment or any other relief. Such activity, if it occurred, might well have served the public interest of protecting many other minors, not yet ensnared into the defendants' alleged operation, from meeting a fate similar to the minor initially swept up in it.

V

Accordingly, Modica's motion [DI 128] is denied in all respects.

SO ORDERED.

Dated:   September 24, 2010

_____
Lewis A. Kaplan
United States District Judge

---

[14] *United States v. Williams*, 372 F.3d 96, 111 (2d Cir. 2004).